UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| NORMAN SEYMORE | § | |
| | § | **C.A. G-05-528** |
| VS. | § | |
| | § | |
| PENN MARITIME, INC. | § | Rule 9(h) Admiralty |
| | § | |

# Plaintiff's Original Complaint

Plaintiff NORMAN SEYMORE brings this action complaining of Defendant PENN MARITIME, INC. Plaintiff would respectfully show the Court that:

## I.

## Jurisdiction

1. This is a case of admiralty and maritime jurisdiction. This admiralty and maritime claim is brought by NORMAN SEYMORE within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because Defendant does a substantial amount of its business in this District, Plaintiff lived in this District, and a substantial part of the events and omissions giving rise to this claim occurred in the District.

## II.

## Parties

3. Plaintiff is a resident and citizen of the State of Texas. As an American seaman, Plaintiff brings this action pursuant to Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security.

4. Defendant PENN MARITIME, INC. is a Delaware corporation doing business in the State of Texas for the purpose of accumulating monetary profit. PENN MARITIME, INC. may be served with process by serving its President WILLIAM M. WATERMAN at ONE STAMFORD PLAZA, 263 TRESSER BOULEVARD STAMFORD, CT 06901.

## III.

## Claims

5. This case is brought under 46 U.S.C. ' 688, which is commonly known as the "Jones Act," and the General Maritime Law.

6. In this Jones Act case, Plaintiff was injured during the course and scope of his Jones Act employment with Defendant.

7. Specifically, Plaintiff sustained serious and permanent injuries on or about May 29, 2005, when he was working aboard a vessel owned and operated by Defendant PENN MARITIME, INC. On that date, Plaintiff fell and sustained serious and permanent injuries as a result of Defendant's negligence.

8. Plaintiff was an able-bodied seaman who was assigned to work on Defendant's vessel until receiving serious and disabling injuries in this incident.

9. Plaintiff would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to his injuries. To the contrary, Plaintiff's injuries were proximately caused by the negligence, as that term is understood in law, of the Defendant, its agents, servants, and employees, who were acting in the course and scope of their employment at all times material to this action.

10. Defendant owed Plaintiff a duty to furnish him a safe place to work and a seaworthy vessel, and as applied to Plaintiff, the Defendant failed in those respects, and such

unseaworthiness of the vessel caused Plaintiff's injuries. These conditions were brought about and caused by the Defendant.

11. Plaintiff's injuries were proximately caused by Defendant's negligence. Defendant breached its legal duties, and such breaches caused damages and injuries to Plaintiff. Defendant had direct control over the vessel. Additionally, Defendant had the right of control over the details of the work performed on the vessel. Defendant had the right of control and right of supervision over the details of the procedures, equipment, devices, instructions, methods and manner of work aboard the vessel, and Defendant was negligent in failing to use ordinary care in the exercise of its rights of control and supervision.

12. As a result of these occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress, and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely.

13. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff incurred and will continue to incur pharmaceutical and medical expenses in connection with his injuries.

14. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

15. Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appears and answers, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests,

all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

/s/ Kurt B. Arnold

Kurt B. Arnold
State Bar No. 24036150
Southern District of Texas No. 36185
909 Fannin Street, Suite 3838
Houston, Texas 77010
Telephone: (713) 654-0063
Facsimile: (713) 658-0674

**Attorney-in-Charge for Plaintiff**

**OF COUNSEL:**

Jason A. Itkin
State Bar No. 24032461
Southern District of Texas No. 33053
ARNOLD & ITKIN LLP
909 Fannin Street, Suite 3838
Houston, Texas 77010
Telephone: (713) 654-0063
Facsimile: (713) 658-0674

**BRIAN BECKCOM**
Southern District of Texas 24318
State Bar No. 24012268
VUJASINOVIC & BECKCOM, L.L.P.
1001 Texas Ave., Suite 1020
Houston, Texas 77002
(713) 224-7800 Office
(713) 224-7801 Facsimile