UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Norman Seymore, § | | |
|     *Plaintiff,* § | | |
| vs. § | | Civil Action G-05-528 |
| § | | |
| Penn Maritime, Inc. § | | |
|     *Defendant.* § | | |

# MEMORANDUM AND ORDER

Defendant Penn Maritime Inc.'s motion to re-depose plaintiff Norman Seymore has been referred to this magistrate judge for disposition. (Dkt. 36). Seymore was originally deposed on March 1, 2006. Although the case came before Judge Samuel B. Kent for bench trial on July 17, 2006, the trial was suspended during plaintiff's case in chief to allow settlement negotiations in light of Seymore's pending surgery later that month. This case has since been transferred to Judge David Hittner and placed on his jury docket for the February 2007 trial term.

Penn Maritime offers several reasons for re-deposing Seymore: (1) the change from a bench trial to a jury trial; (2) an anticipated "different emphasis" by Seymore on particular liability facts involving the use of a stepladder; (3) a purported change in Seymore's injury claim to include a neck injury; (4) a need to question Seymore regarding the outcome of his surgery as well as post-surgery employment status and activities; (5) a need to question Seymore regarding the medical history reflected in a July 2006 psychologist's report and whether the alleged psychological symptoms have persisted; and (6) a need to question

Seymore about his work activity in the period subsequent to the alleged accident on May 29, 2005 in light of information recently received.

In opposition, Seymore asserts the liability facts have not changed since the first deposition and Penn Maritime had the opportunity to fully question and develop additional testimony by examining Seymore at the previous trial. Seymore also argues that Penn Maritime's failure to either anticipate or address certain liability facts during the earlier deposition and examination does not warrant inconveniencing Seymore with further questioning as trial is quickly approaching. Pointing to deposition testimony, Seymore contends that Penn Maritime failed to follow up when Seymore distinctly expressed that he experienced neck pain. As a result, Seymore states that it is opposed to further questioning, but willing to submit to a defense medical exam.

Under Rule 30(a)(2)(B), leave of court is required to subject a person to a second deposition. Such leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Rule 26(b)(2) confers considerable discretion upon a district court to limit discovery, especially where the party seeking discovery has already had "ample opportunity" to obtain the information sought, and the burden of the proposed discovery outweighs its likely benefit.

Applying this standard, the court agrees that the reasons Penn Maritime puts forth does not warrant leave to re-depose Seymore a month before the trial term. The liability facts have not changed, nor has an amended complaint been filed since the suspended trial. In

light of Seymore's deposition and trial testimony, Penn Maritime had ample opportunity to question Seymore about his neck injury. Moreover, Seymore is willing to submit to a second defense medical exam in regard to Penn Maritime's concerns about Seymore's current medical condition since his most recent surgery. Updated employment and medical information can readily be obtained through supplementation of previous disclosures and discovery responses. *See* Fed. R. Civ. P. 26(e) (imposing duty to supplement or to amend materially incomplete or incorrect discovery responses).

For these reasons, Penn Maritime's motion to re-depose plaintiff Norman Seymore is DENIED.

Signed at Houston, Texas on January 8, 2007

Stephen Wm Smith
United States Magistrate Judge