UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 1 2007
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| NORMAN SEYMORE | § | |
| | § | C.A. G-05-528 |
| VS. | § | |
| | § | |
| PENN MARITIME, INC. | § | Rule 9(h) Admiralty |

**Jury Instructions**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that

persuades you that a claim is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significant of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are

justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

When you retire to the jury room to deliberate on your verdict, you may take

exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during you deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

I am now going to instruct you on the law specific to this case.

## JONES ACT--UNSEAWORTHINESS--MAINTENANCE AND CURE

The plaintiff, Norman Seymore, is asserting three separate claims against the defendant Penn Maritime in this case.

The plaintiff's first claim, under a federal law known as the Jones Act, is that his employer, Penn Maritime, was negligent, and that Penn Maritime's negligence was a cause of his injuries. The plaintiff's second claim is that unseaworthiness of a vessel caused his injury. The plaintiff's third claim is for Maintenance and Cure.

You must consider each of these claims separately. The plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may only recover those damages or benefits that the law provides for the claims that he proves; he may not recover the same damages or benefits more than once.

## JONES ACT - NEGLIGENCE

Norman Seymore is a Seaman under the Jones Act. As such, under the Jones Act, the plaintiff Norman Seymore must prove that his employer, Penn Maritime, Inc., was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean anyone's negligence caused the accident.

It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew.

Under the Jones Act, if Penn Maritime's negligent act caused the plaintiff's injury, in whole or in part, then you must find that Penn Maritime is liable under the Jones Act.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that the plaintiff was injured because the defendant failed to furnish him a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his job.

If you find from a preponderance of the evidence that Penn Maritime assigned the plaintiff to perform a task that the plaintiff was not adequately trained to perform, you must find that Penn Maritime was negligent. If you find from a preponderance of the evidence that Penn Maritime assigned the plaintiff to perform a task without adequate equipment or crew, you must find that Penn Maritime was negligent.

## UNSEAWORTHINESS

The plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of the defendant's vessel, the PENN 120.

A shipowner owes to every member of the crew employed on its vessel the absolute duty to keep and maintain the ship, and all decks and passageways, appliances, gear, tools, parts and equipment of the vessel in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend upon negligence or fault or blame. If an owner does not provide a seaworthy vessel–a vessel that is reasonably fit for its intended use–no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes a duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the owner of a vessel is not required to furnish an accident free ship. He need only furnish a vessel and its appurtenances that are reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

The shipowner is not required to provide the best appliances and equipment, or the finest of crews, on his vessel. He is only required to provide gear that is reasonably proper and suitable for its intended use, and a crew that is reasonably adequate.

In summary, if you find that the owner of the vessel did not provide an adequate crew of sufficient manpower to perform the tasks required, or if you find that the vessel was in any manner unfit in accordance with the law as I have just explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the shipowner liable, without considering any negligence on the part of the defendant or any of its employees.

However, if you find that the owner had a capable crew and appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and the defendant is not liable to the plaintiff on the claim of unseaworthiness.

## CONTRIBUTORY NEGLIGENCE

The defendant contends that the plaintiff was negligent, and that the plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. The defendant has the burden of proving that the plaintiff was contributorily negligent. If the plaintiff was guilty of contributory negligence that contributed to his injury, he nevertheless may recover. However, the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that the defendant was negligent (the vessel was unseaworthy), and that the (negligence) (unseaworthiness) was a proximate (legal) cause of the plaintiff's injury, but you also find that the accident was due partly to the contributory negligence of the plaintiff, then you must determine the percentage the plaintiff's contributory negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the special interrogatories. Do not make any

reduction in the amount of damages that you award to the plaintiff. I will reduce the damages that you award by the percentage of contributory negligence that you assign to the plaintiff.

## MAINTENANCE AND CURE

As a seaman, Plaintiff is entitled to recover Maintenance and Cure. This claim is separate and independent from both the Jones Act and the unseaworthiness claims of the plaintiff. You must decide this claim separately from your determination of his Jones Act and unseaworthiness claims.

Maintenance and cure is a seaman's remedy.

Maintenance and cure provides a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, while recuperating. The maintenance rate is $15 a day pursuant to the terms of the collective bargaining agreement.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, the plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. And maintenance and cure may not be reduced because of any negligence on the part of the seaman.

The "cure" to which a seaman may be entitled includes the cost of reasonable and necessary medical attention, including the services of physicians and nurses as

well as the cost of hospitalization, medicines and medical apparatus.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches the point of what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. Thus, if it appears that a seaman's condition is incurable, or that the treatment will only relieve pain but will not improve a seaman's physical condition, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

If you decide that the plaintiff is entitled to maintenance and cure, you must determine when the employer's obligation to pay maintenance began, and when it ends. One factor you may consider in determining when the period ends is the date when the seaman resumed employment, if he did so. However, if the evidence supports a finding that economic necessity forced the seaman to return to work prior to reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that the plaintiff is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same

period of time. That is because the plaintiff may not recover twice for the same loss of wages or medical expenses. However, the plaintiff may also be entitled to an award of damages for failure to pay maintenance and cure when it was due.

A shipowner who has received a claim for maintenance and cure is entitled to investigate the claim. However, if after investigating the claim, the shipowner unreasonably rejects the claim for maintenance and cure, he is liable for both the maintenance and cure payments he should have made, and any compensatory damages caused by his unreasonable failure to pay. Compensatory damages may include any aggravation of the plaintiff's condition because of the failure to provide maintenance and cure.

Thus, you may award compensatory damages because the shipowner failed to provide maintenance and cure if you find by a preponderance of the evidence that:

1. The plaintiff was entitled to maintenance and cure;
2. It was not provided;
3. The defendant acted unreasonably in failing to provide maintenance and cure; and
4. The failure to provide the maintenance and cure resulted in some injury to the plaintiff.

## CAUSATION

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury. In determining causation, a different rule applies to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the plaintiff's contributory negligence an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

In an unseaworthiness claim, the plaintiff must show, not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of it. This means that the plaintiff must show that the condition in question played a substantial part [was a substantial factor] in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

## DAMAGES

If you find that a defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages, what the law calls compensatory damages - that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence; physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; past medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical and life care

that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

Some of the damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

You may not award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been proved by a preponderance of the evidence that the accident proximately or directly caused such injury or condition.

**LOSS OF FUTURE EARNINGS**

If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or

future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

**INJURY/PAIN/DISABILITY/DISFIGUREMENT/LOSS OF CAPACITY FOR ENJOYMENT OF LIFE**

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award

that you make should be fair in the light of the evidence.

## MEDICAL EXPENSES

Future medical expenses include the reasonable value of the expense of hospitalization, medical, and treatment that the plaintiff will require in the future because of his injuries which were caused by the defendants' wrongful conduct.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.